IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| People of the State of Illinois, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 3:20-cv-50097 |
| v. | ) |
| | ) Magistrate Judge Lisa A. Jensen |
| Gregory P. Babe, | ) |
| *Defendant*. | ) |

**REPORT AND RECOMMENDATION**

For the reasons stated below, it is this Court's report and recommendation that Defendant's request for removal [1] be granted. Any objection to this report and recommendation must be filed by September 14, 2021. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

**STATEMENT**

On January 13, 2020, Defendant Gregory Babe, a Transportation Security Administration ("TSA")[1] Inspector, was charged in the 17th Judicial Circuit Court of Winnebago County with misdemeanor battery in violation of 720 ILCS 5/12-3(a)(2) (Class A Misdemeanor), case number 2020 CM 113. *See* Notice of Removal, Ex. 1, Dkt. 1-1. The complaint alleges that on December 3, 2019, Defendant used his hand to strike Joseph J. Cooper, Jr. on the head. *Id.*

Defendant has alleged the following facts relating to his charged conduct in his notice of removal. Dkt. 1. On December 3, 2019, he was assigned to the Chicago Rockford International Airport as a cargo inspector for TSA. Defendant was conducting a required follow-up inspection at the Pinnacle Logistics (Pinnacle) warehouse based on a prior violation of a TSA security regulation.

As part of the inspection, Defendant placed his security badge inside his coat pocket expecting to have his presence challenged by any Pinnacle employee in the vicinity of the aircraft for not displaying his badge as required by TSA regulations. Defendant proceeded to ascend the

---

[1] A component agency of the U.S. Department of Homeland Security.

staircase of the aircraft when he felt someone grab his left leg above the knee. As a result, Defendant lost his balance. In attempting to reach out with his hand, Defendant made contact with Mr. Cooper's head. Mr. Cooper, a Pinnacle employee, was the ramp supervisor.

Following the interaction, Defendant identified himself as a TSA inspector. After Defendant completed his inspection of the aircraft, he documented one TSA security violation based on Mr. Cooper's lack of knowledge of proper access control procures, his failure to challenge Defendant's presence on the ramp and at the aircraft, and his grabbing of Defendant's leg. Defendant was subsequently charged with misdemeanor battery for his contact with Mr. Cooper.

On March 10, 2020, Defendant filed a notice of removal pursuant to 28 U.S.C. § 1442(a) seeking to remove his state criminal prosecution to federal court. Thereafter, pursuant to 28 U.S.C. § 1455(b)(4), the court determined that summary remand to state court was not required. Dkts. 15, 17. The parties then sought and were granted leave to conduct discovery prior to proceeding to an evidentiary hearing pursuant to 28 U.S.C. § 1455(b)(5). Following the completion of that discovery, the Court set an evidentiary hearing for August 31, 2021 to make a final determination whether removal would be permitted.

Prior to the evidentiary hearing, the parties agreed that this matter was properly removed and on August 27, 2021, filed a joint stipulation to the facts necessary to permit removal. Dkt. 47. This Court accepted the parties' stipulation at the evidentiary hearing and neither party offered any testimony. Accordingly, the Court will now address the appropriateness of removal in light of the parties' stipulation.

As the basis for removal, Defendant relies on the federal officer removal statute under 28 U.S.C. § 1442(a)(1). "Federal officer removal is appropriate when the defendant (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense." *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020) (internal quotation marks and citation omitted). "Although the burden of proving federal jurisdiction under § 1442 is on the defendant, the Supreme Court has held that the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Harris v. Rapid Am. Corp.*, 532 F. Supp. 2d 1001, 1004 (N.D. Ill. 2007) (citing *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)).

The parties stipulate that all four of the requirements of the federal officer removal statute have been met and that removal of Defendant's state criminal prosecution is appropriate. Dkt. 47. The parties stipulate as follows:

> On December 3, 2019, at the time of and throughout the battery alleged in the State's complaint, Defendant was an officer of a federal agency because he was working as a United States Transportation Security Administration ("TSA") Inspector performing a duty, conducting a follow-up inspection, which he was authorized to do by federal regulations and the law of the United States. Therefore, there is a casual connection between the charged conduct as alleged in the State's complaint and the Defendant's federal duties.

Dkt. 47. The parties further stipulate that Defendant has asserted a colorable federal defense of Supremacy Clause immunity to the battery charge. *See State v. Kleinert*, 855 F.3d 305, 314-15 (5th Cir. 2017) ("[T]he Supremacy Clause prohibits a state from punishing, whether by local prosecution or private suit under state law, (1) a federal officer; (2) authorized by federal law to perform an act; (3) who, in performing the authorized act, did no more than what the officer subjectively believed was necessary and proper; and (4) that belief was objectively reasonable under the circumstances."); *Winters v. Taylor*, 333 F. App'x 113, 115 (7th Cir. 2009) ("The federal officer need only assert a defense that is plausible, not necessarily successful, to remove under § 1442(a).") (internal quotation marks and citation omitted).

Having considered the parties' stipulation and the allegations in support of Defendant's notice of removal, the Court finds that Defendant has satisfied the requirements to remove his state criminal prosecution to this court. The Court finds that that Defendant was a person within the meaning of the federal officer removal statute, was acting under the United States, its agencies, or its officers, was acting under color of federal authority, and has a colorable federal defense. Therefore, it is this Court's report and recommendation that Defendant's request for removal [1] be granted. This Court further recommends that the district court notify the 17th Judicial Circuit Court of Winnebago County that removal was permitted and that no further action shall be taken in state court, assign this matter a criminal case number, and schedule this matter to proceed to trial or other resolution on the underlying criminal charge. *See* 28 U.S.C. § 1455(b)(5).

Date: August 31, 2021  By:  *Lisa A. J.*
Lisa A. Jensen
United States Magistrate Judge